IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HERMAN CHRISTOPHER BLACK | § | |
| v. | § | CIVIL ACTION NO. 6:17cv298 |
| CSQT, INC. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Herman Black filed this lawsuit complaining of alleged violations of his rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named Defendant is a trucking company located in Little Rock, Arkansas.

**I. Background**

Plaintiff contended that on January 9, 2017, he took ownership of a 2016 Volvo diesel truck from CSQT. After nine months, he tried to have work done on it, but was told "they had no one to work on it." The company eventually told him he would get a "turn key truck" and he put the truck in the shop. The bill was $1800.00, but Plaintiff stated it was "not his bill."

Plaintiff stated that "everything went downhill after that" with the company and he did not receive a paycheck for nine weeks, although the truck was producing ten to 15 thousand dollars a week.

On Tuesday, April 18, 2017, Plaintiff stated that he went home after repeatedly telling the company he would return to work after he picked up a check he was waiting on. He was arrested on a Thursday, and his check came in on Friday.

According to Plaintiff, the company reported the truck as stolen. He maintained that he did not steal the truck, noting that the truck has a GPS system which let the company know where it was at all times.

Plaintiff asserted that he was arrested for theft of the truck, but by the time he got to jail, the charge had been changed to unauthorized use of a motor vehicle. He stated that he is not guilty of the charge and that he has phone records of conversations with the trucking company dispatcher showing he told the company where he was and did not illegally or inappropriately take the truck. Plaintiff claimed that his imprisonment deprived him of work, degraded his character, and violated his civil rights. He sought punitive damages and dismissal of the charges against him.

The on-line judicial records of Gregg County, Texas show that Plaintiff was indicted for possession of a controlled substance and unauthorized use of a motor vehicle on June 22, 2017. The charges were dismissed on December 4, 2017. State of Texas v. Herman Black, cause no. 46-778-A (188th Judicial District Court of Gregg County, Texas). That same day, Plaintiff entered a plea of guilty in cause no. 47-187-A to the charge of attempting to tamper with or fabricate physical evidence, for which he received a sentence of one year in county jail, with credit for 236 days.

## II. The Motion to Dismiss

CSQT filed a motion to dismiss arguing that Plaintiff did not specify the nature of his relationship with CSQT nor state who owed him money or why. CSQT further contended that Plaintiff did not specify what civil rights were violated and stated that he is complaining about his arrest, which has to do with the police and not CSQT. Plaintiff was ordered to respond to the motion to dismiss, but did not do so.

## III. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge observed that *pro se* pleadings are to be construed liberally, and under a liberal construction of the complaint, Plaintiff claimed he worked for CSQT and the company falsely reported his truck stolen, resulting in his arrest and prosecution on charges

which were eventually dropped. The Magistrate Judge stated that these facts set out a potential claim for malicious prosecution, a state tort claim, citing *Richey v. Brookshire Grocery*, 952 S.W.2d 515, 519 (Tex. 1997) (elements of malicious prosecution under Texas law are: (1) the commencement of a criminal prosecution against the plaintiff; (2) initiation or procurement of the prosecution by the defendant; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) the absence of probable cause for the proceedings; (6) malice in filing the charge; and (7) damage to the plaintiff).

However, the Magistrate Judge observed that the Fifth Circuit has held that there is no constitutional tort for malicious prosecution. *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003) (*en banc*). Furthermore, the Magistrate Judge stated that Black cannot set out a claim against CSQT under the Civil Rights Act, 42 U.S.C. §1983, because he has not shown that CSQT is a state actor. *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008) (claims under §1983 must allege a violation of a right secured by the Constitution or laws of the United States and must show the deprivation was committed by a person acting under color of state law). Nor did Black set out a claim under the diversity jurisdiction of the Court because he did not show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See Brand Servs, L.L.C. v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018).

Finally, the Magistrate Judge determined that Plaintiff failed to show the Court should exercise its supplemental jurisdiction over his state law claim of malicious prosecution because Plaintiff failed to show any merit to any claims over which the Court has original jurisdiction. *Rhyne v. Henderson County*, 973 F.2d 386, 395 (5th Cir. 1992). The Magistrate Judge therefore recommended that Plaintiff's lawsuit be dismissed without prejudice for failure to state a claim upon which relief may be granted and that the statute of limitations be tolled on the Plaintiff's state law claims for the period of time that this lawsuit was pending and for 30 days after it is dismissed. 28 U.S.C. §1367(d).

### IV. The Plaintiff's Objections

In his objections, Plaintiff states that he was falsely accused by CSQT and was falsely charged with stealing a 2016 Volvo diesel truck. As a result, he spent seven months in jail. Plaintiff again states that he was not guilty of this charge.

Plaintiff contends that "they" lied about him stealing the truck and deprived him of his freedom and his ability to work for a living. He states that "they" degraded his character and violated his civil rights. He again asks for punitive damages and the dismissal of the charges, although court records show the charge of unauthorized use of a motor vehicle have already been dismissed.

### V. Discussion

Plaintiff's objections essentially repeat the allegations of his complaint. He does not address any of the Magistrate Judge's recommended findings or conclusions, which essentially are that Plaintiff's lawsuit should be dismissed because he has not shown any basis for federal jurisdiction and has failed to state a claim upon which relief may be granted. The malicious prosecution claim he raises is a state law claim and does not amount to a constitutional tort, he cannot sue under the Civil Rights Act because the sole named defendant is not acting under color of state law, he has not shown diversity jurisdiction, and he presents no basis for the Court to exercise its supplemental jurisdiction.

Simply repeating the allegations of the complaint, without reference to the Magistrate Judge's Report, does not amount to "specific written objections to the proposed findings and recommendations." *See LaFerney v. Director, TDCJ-CID*, civil action no. 2:13cv806, 2014 WL 47403 (E.D.Tex., January 6, 2014) (objections which simply repeat the allegations of the complaint offer nothing to contradict the Magistrate Judge's proposed findings and conclusions). The Magistrate Judge correctly determined that Plaintiff has not shown a basis for federal jurisdiction and has not stated a claim upon which relief may be granted, and Plaintiff's objections are without merit.

## VI. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 16) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that the statute of limitations on Plaintiff's state law claims is **TOLLED** for the period of time that this lawsuit was pending and for 30 days after it is dismissed. 28 U.S.C. §1367(d). Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** November 15, 2019.

_____
Ron Clark, Senior District Judge